PER CURIAM.
This appeal recurs upon a mandate issued by the Supreme Court of Florida on February 12, 1998. We vacate our previous opinion recorded at 688 So.2d 348, and conform in all respects to the opinion of the Supreme Court recorded at 704 So.2d 1384 (Fla.1998). As directed by that opinion and mandate, we now consider “issues previously raised and left unresolved” in our prior opinion.
We hereby affirm the summary judgment for Lexington on the remaining points presented. We agree with Lexington that Simkins was only entitled to rights arising as a mortgagee rather than as an assignee and that, under the insurance policy, mortgagee Simkins was not entitled to the proceeds at issue here. As in our original opinion, we reject Simkins’ claim that it was entitled to recover for damage to certain hotel contents because they were asbestos contaminated.
*1093 We refuse to consider Simkins’ claim that it is entitled to recover its security interest under the U.C.C., because Simkins did not present that as a point on .appeal in the original appearance before this court. Although it is true that there is a reference to the matter in Simkins’ initial brief, it is only by way of a footnote. Such treatment does not elevate the matter to a point on appeal. It would be unfair to Lexington for us to consider the U.C.C. claim at this point. Consequently, we reject the U.C.C. argument.
Accordingly, Lexington’s judgment against Simkins is affirmed in all respects, in conformity with the opinion of the Supreme Court and with final resolution of remaining issues today.
Affirmed.